UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRABIR SAMUEL, on behalf of himself and others similarly situated,

          Plaintiff,

          vs.

SALAAM BOMBAY INC. d/b/a SALAAM BOMBAY, PRATISHTHA, INC. d/b/a YUVA, RAMESH SHAH AND YUVA KEDAR SHAH,

          Defendants.

*Civil Action No. 14-CV-4633*

**ANSWER**

      Defendants Salaam Bombay Inc. d/b/a Salaam Bombaay ("Salaam Bombay"), Pratishtha, Inc. d/b/a Yuva ("Yuva"), Ramesh Shah ("Shah"), and Yuva Kedar Shah ("Kedar") (collectively, "Defendants"), by and through their attorneys, the Law Office of Christopher Q. Davis, PLLP, for their Answer to the Complaint dated June 25, 2014 (the "Complaint") filed by Plaintiff Prabir Samuel (the "Plaintiff" or "Samuel") states as follows:

    1.    Defendants answer Plaintiffs allegations as follows:

## AS TO "JURISDICTION AND VENUE"

    2.    Defendants deny the allegations contained within paragraph 2, except admit that Plaintiff purports to cause this Court to exercise jurisdiction over their instant claims and supplemental jurisdiction over their state law claims.

    3.    Defendants deny the allegations contained within paragraph 3, except admit that Plaintiff purports that venue is "proper in this District".

## AS TO "THE PARTIES"

    4.    Defendants admit the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants aver that the allegations contained within paragraph 9 are legal conclusions to which no response in required.  To the extent that a response is required, Defendants deny the allegations contained in paragraph 9.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants admit to the extent that "Defendant Ramesh Shah has and exercises authority to hire and fire employees" and deny all other allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants admit to the extent that Samuel was employed by Defendants, but deny the allegations contained in paragraph 16 in all other respects.

### AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

17. Defendants deny the allegations in paragraph 17, except admit that Plaintiff purports to bring a FLSA collective action "on behalf of all service employees employed by Defednat[s] at any New York location on or after the date that is three years before the filing of the Original Complaint."

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants aver that the allegations contained within paragraph 19 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 19.

## AS TO "RULE 23 CLASS ALLEGATIONS- NEW YORK"

20. Defendants deny the allegations contained in paragraph 20, except admit that Plaintiff purports to bring state law claims "pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 23, on behalf of all service employees employed by Defendant[s] at any New York location on or after the date that is six years before the filing of the Original Complaint in this case."

21. Defendants aver that certain allegations contained within paragraph 21 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 21.

22. Defendants aver that the allegations contained within paragraph 22 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 22.

23. Defendants aver that the allegations contained within paragraph 23 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 23.

24. Defendants aver that the allegations contained within paragraph 24 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 24.

25. Defendants aver that the allegations contained within paragraph 25 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 25.

26. Defendants aver that the allegations contained within paragraph 26 are merely opinions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 26.

27. Defendants aver that the allegations contained within paragraph 27(a)-(i) are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 27(a)-(i).

## AS TO "FACTS"

28. Defendants deny the allegation contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants do not have sufficient information to admit or deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

### AS TO "FIRST CLAIM FOR RELIEF"

44. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

### AS TO "SECOND CLAIM FOR RELIEF"

48. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

### AS TO "THIRD CLAIM FOR RELIEF"

53. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

## AS TO "FORTH CLAIM FOR RELIEF"

58. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

59. Defendants aver that the allegations contained within paragraph 59 are legal conclusions to which no response in required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

## AS TO "FIFTH CLAIM FOR RELIEF"

62. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64.

## AS TO "SIXTH CLAIM FOR RELIEF"

65. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

68. Defendants deny the allegations contained in paragraph 68.

## AS TO "SEVENTH CLAIM FOR RELIEF"

69. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

## AS TO "EIGHTH CLAIM FOR RELIEF"

72. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77.

## AS TO "NINTH CLAIM FOR RELIEF"

78. Defendants repeat and incorporate by reference all preceding paragraphs as if they were set forth herein.

79. Defendants deny the allegations contained in paragraph 79.

80. Defendants deny the allegations contained in paragraph 80.

81. Defendants deny the allegations contained in paragraph 81.

82. Defendants deny the allegations contained in paragraph 82.

83. Defendants deny the allegations contained in paragraph 83.

## AS TO "PRAYER FOR RELIEF"

A- J. Defendants deny all allegations not unequivocally admitted herein, deny that Plaintiff is entitled to any of the relief demanded in the Complaint and further deny that class action and collective action status is appropriate herein.

### FIRST AFFIRMATIVE DEFENSE

84. Plaintiff's Complaint, in whole or in part, fails' to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

85. At all relevant times hereto, all of Defendants actions were taken in good faith and with reasonable grounds for believing the actions or omissions did not violate any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations, or guidelines.

### THIRD AFFIRMATIVE DEFENSE

86. Subject to proof in discovery, Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### FORTH AFFIRMATIVE DEFENSE

87. Plaintiff is not similarly situated to the putative class members and, as such, should not be part of any action under FLSA Section 216(b).

### FIFTH AFFIRMATIVE DEFENSE

88. Plaintiff is not an adequate representative of the putative class members and, as such should not be part of any action under the FLSA or New York law.

### SIXTH AFFIRMATIVE DEFENSE

89. The Complaint is barred, in whole or in part, pursuant to 29 U.S.C. §§ 258(a) and 259(a), because Defendants have, in good faith, acted in conformity with an in reliance upon written administrative regulations, interpretations and opinion letters with regard to some or all of the acts or omissions alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

90. The Complaint is barred, in whole or in part, because Plaintiff failed to satisfy statutory and/or other prerequisites to proceed collectively under 29 U.S.C. § 216(b).

### EIGHTH AFFIRMATIVE DEFENSE

91. The relief sought in the Complaint is barred, in part, because expert witness fees and costs and not recoverable in actions pursued under 29 U.S.C. § 216(b).

### NINTH AFFIRMATIVE DEFENSE

92. The relief sought in the Complaint is barred, in whole or in part, because Plaintiff is estopped by their own conduct from claims for any damages or any relief against Defendants.

### TENTH AFFIRMATIVE DEFENSE

93. This case is not appropriate for class certification under Rule 23 because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiff and to the purported class members.

### ELEVENTH AFFIRMATIVE DEFENSE

94. Plaintiff cannot establish and maintain a class action under Rule 23 because he cannot demonstrate that a class action is superior to other methods available for adjudicating the controversy.

### TWELFTH AFFIRMATIVE DEFENSE

95. Plaintiff cannot established and maintain a class action because he cannot not meet the numerosity requirement of a class action under Rule 23.

**THIRTEENTH AFFIRMATIVE DEFENSE**

96.     The lawsuit of Plaintiff and/or the purported members of the putative collective action class is frivolous, unreasonable, and without foundation, and Defendant is therefore entitled to an award of attorneys' fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

97.     This action cannot be certified and pendent or other jurisdiction should not be exercised over Plaintiff's New York Labor Law claims because, <u>inter alia</u>, Plaintiff seeks to evade the prohibition against a class action pursuant to Article 9 of the CPLR, and New York law is different from the FLSA and is applicable to a limited number of Defendants' incumbent and former employees.

**FIFTEENTH AFFIRMATIVE DEFENSE**

98.     Plaintiff has been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

**SIXTEENTH AFFIRMATIVE DEFENSE**

99.     Plaintiff cannot maintain a class action under the New York Labor Law because the statute provides for an award of liquidated damages and, as such, Plaintiffs are seeking a "penalty" which precludes pursuit of this claim as a class action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

100.    Plaintiff's claims for liquidated damages, if any, are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

101.    Defendants reserve the right to assert any additional defenses it discovers during the course of litigation.

**WHEREFORE,** Defendants requests that this Court dismiss the Complaint with prejudice; enter judgment in Defendants' favor and against Plaintiff on all counts, and award Defendants its costs and attorneys' fees in defending this action and such other relief as the Court deems just and proper.

Date:  August 18, 2014
          New York, New York

_____/s/_____
Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Davis
18 W. 18th Street, 11th Floor
New York, New York 10011
646-356-1013 (direct)
646-356-1010 (main)
646-349-2504 (fax)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2014 , the foregoing ANSWER AND DEFENSES was electronically filed with the Clerk of the Court and served in accordance with the Southern District's Rules on Electronic Service upon the following parties and participants:

>D. Maimon Kirschenbaum
>Joseph & Kirschenbaum, LLP
>Attorneys for Plaintiff
>233 Broadway, 5th Floor
>New York, New York 10279
>Tel: (212) 688-5640

Date:  August 18, 2014
       New York, New York


\_\_\_\_/s/_____
Christopher Q. Davis, Esq. (CD7282)
Rachel M. Haskell, Esq. (RH8248)
The Law Office of Christopher Davis
18 W. 18th Street, 11th Floor
New York, New York 10011
646-356-1010 (main)
646-349-2504 (fax)

Attorneys for Defendants